FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

2017 DEC -1 PM 12: 48

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS FLORIDA

MARIA KLEEKLAMP, on behalf of herself
and others similarly situated,

   Plaintiff,

vs.

                        CASE NO. 2:17-cv-660-FtM-38MRM

HOME PERFORMANCE ALLIANCE, INC., a
Florida Profit Corporation,

   Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MARIA KLEEKLAMP, on behalf of herself and other employees and former employees similarly situated, by and through the undersigned counsel, files this Complaint against Defendant, HOME PERFORMANCE ALLIANCE, INC. (hereinafter "HPA") and states as follows:

### JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended 29 U.S.C. §201., et seq. (hereinafter the "FLSA") to recover unpaid overtime wages, minimum wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

### PARTIES

3. At all times material hereto, Plaintiff was, and continues to be a resident of Lee County, Florida.

4. At all times material hereto Defendant, HOME PERFORMANCE ALLIANCE,

INC., is a Florida Profit Corporation, with a principle place of business located at 1780 102nd Avenue North, Suite 500, St Petersburg, FL 33716 and was engaged in business in Lee County, Florida.

5. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of FLSA.

6. At all times material hereto, Defendant was the "employer" within the meaning of FLSA.

7. Defendant was, and continues to be "employer" within the meaning of FLSA.

8. At all times material hereto, Defendant was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

9. At all times material hereto, Defendant was, and continues to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

10. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

11. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce including but not limited to: storm windows and doors that are moving or will move in interstate commerce.

12. At all relevant times, Defendant has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

13. At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

14. The additional persons who may become plaintiffs in this action are/were non-exempt employees of Defendant, who held similar positions to Plaintiff and who worked in excess of forty (40) hours during one or more work weeks during the relevant time periods but who did not receive pay at one and one-half times their regular rate for their hours worked in excess of forty (40) hours.

15. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendant.

## STATEMENT OF FACTS

16. From on or about March 1, 2017 Defendant hired Plaintiff to work performing door to door sales and paid Plaintiff an hourly rate of $10.00 per hour plus commission.

17. On or about June 27, 2017, Plaintiff was terminated and denied her final pay.

18. At various material times hereto, Plaintiff worked for Defendant in excess of forty (40) hours within a work week.

19. From at least March 1, 2017 and continuing through June 27, 2017, Defendant failed to compensate Plaintiff at rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single work week. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week as required by the FLSA.

20. Defendant has violated Title 29 U.S.C. §206 and 207 from at least March 1, 2017 and continuing through June 27, 2017 in that:

   a. Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendant;

   b. No payments, and provisions for payment, have been made by Defendant to

properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA; and

c. Defendant has failed to maintain proper time records as mandated by the FLSA.

21. Plaintiff has retained the law firm of BERKE LAW FIRM, P.A. to represent her in the litigation and has agreed to pay the firm a reasonable fee for its Services.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

22. Plaintiff realleges and reincorporates all allegations contained in Paragraphs 1 — 21 as if incorporated herein.

23. From at least March 1, 2017 and continuing through June 27, 2017, Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

24. Rather, throughout her employment Defendant failed to pay Plaintiff, and all employees similarly situated, for any hours worked over forty (40) in a workweek.

25. Plaintiff was, and is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

26. At all times material hereto, Defendant failed to maintain proper time records as mandated by the FLSA.

27. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when it knew, or should have known, such was, and

is due.

28. Defendant has failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

29. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

30. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

31. At all times material hereto, Defendant failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally provided for inadequate overtime compensation of such employees at a rate less than time and a half for their overtime hours.

32. Based upon information and belief, Defendant have failed to properly pay Plaintiff, and those similarly situated to her, proper overtime wages at time and a half their regular rate of pay for such hours.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendant, HOME PERFORMANCE ALLIANCE, INC. as follows:

   a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour and minimum wage provisions of the FLSA;

   b. Awarding Plaintiff overtime compensation in the amount due to her for Plaintiff's time worked in excess of forty (40) hours per work week;

c. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e. Awarding Plaintiff pre-judgment interest;

f. Granting Plaintiff an Order, on an expedited basis, allowing her to send Notice of this action, pursuant to 216(b) and/or FRCP 23, to those similarly situated to Plaintiff; and

g. Ordering any other further relief the Court deems just and proper.

Dated this 27th day of November 2017,

BERKE LAW FIRM, P.A.

By: _____
Bill B. Berke, Esq.
Florida Bar No. 0558011
berkelaw@yahoo.com
4423 Del Prado Blvd. S.
Cape Coral, FL 33904
Telephone: (239) 549-6689
*Attorneys for Plaintiff*