**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FT. MYERS DIVISION**

MARIA KLEEKAMP, on behalf of herself
and others similarly situated,

               CASE NO.: 2:17-cv-00660-SPC-MRM

  Plaintiff,

v.

HOME PERFORMANCE ALLIANCE, INC.,
a Florida profit corporation,

  Defendant.
_____/

**NOTICE OF SETTLEMENT AND JOINT MOTION**
**TO APPROVE SETTLEMENT AND FOR DISMISSAL WITH PREJUDICE**

  Plaintiff MARIA KLEEKAMP ("Kleekamp") and Defendant HOME PERFORMANCE ALLIANCE, INC. ("Defendant"), by and through their undersigned counsel, hereby notify the Court that they have reached a settlement and jointly move this Court to approve the terms of their negotiated settlement of the above-captioned matter and dismiss this case with prejudice and, in support thereof, assert the following:

**Procedural Background**

  1. Kleekamp filed this action against Defendant, alleging violations of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. 201, *et seq*. (the "Complaint") (Dkt. 1). Kleekamp subsequently filed an Amended Complaint, seeking redress for alleged violations of the FLSA (the "Amended Complaint") (Dkt. 13). Defendant denied the allegations (Dkt. 22).

  2. Kleekamp filed the Complaint and the Amended Complaint "on behalf of herself and others similarly situated (Dkt. 1 and 13). Kleekamp moved to conditionally certify this action as an FLSA collective action (Dkt. 15).

3.	Storm Martin ("Martin"), Kaitlin Greene ("Greene"), Julie Galla ("Galla"), Hallie Grooms ("Grooms"), and Casey Matthews ("Matthews") all filed consents to join the collective action in this case (see Dkt. 15, 18, 19, 26).

4.	Kleekamp, Martin, Greene, Galla, Grooms, and Matthews are collectively referred to as the "Plaintiffs" in this Motion. Plaintiffs are, and have been at all times, relevant herein, represented by the same counsel, to wit, Berke Law Firm, P.A. The instant Motion is filed on behalf of, and with the knowledge and consent of, all Plaintiffs.

5.	The Plaintiffs and Defendant are collectively referred to as the "Parties" in this Motion. The Parties have negotiated a compromise settlement in resolution of Plaintiffs' claims. See Settlement Agreement and Release, attached as **Exhibit A**.

6.	The Parties seek the Court's approval of the settlement and dismissal of this case with prejudice.

## TERMS OF THE SETTLEMENT AGREEMENT

7.	The Parties have agreed to settle and dismiss this action for a total settlement payment of $16,000.00, inclusive of Plaintiff's attorneys' fees and costs.

8.	Plaintiffs will receive compensation attributable to unpaid wages, interest, and liquidated damages, in the amounts and under the terms set forth in the Settlement Agreement and Release. **Exhibit A**, ¶ 3.

9.	Plaintiff's counsel will receive a total amount of $10,200.00 in attorneys' fees and costs. The agreement between the Parties to resolve Plaintiffs' underlying wage and hour claims was made without regard to the resolution of Plaintiffs' attorneys' fees and costs. The parties separately agreed to settle Plaintiffs' attorneys' fees and costs claim for a total of $10,200.00. Moreover, the Parties acknowledge that the amount of Plaintiffs' counsel's fees and costs are

reasonable and accurately represent the work counsel performed including, but not limited to, drafting and filing the Complaint; complying with the Court's Scheduling Order (Dkt. 24); answering the Court's Interrogatories; preparing for and attending the court-mandated settlement conference; and performing ongoing settlement negotiations.

## Application of Legal Principles for Settlement Approvals

10. Agreements to compromise FLSA claims must be approved by the Department of Labor or by a Court after a review of the settlement for fairness. Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). Although Lynn's Food does not identify any criteria by which an FLSA settlement is to be evaluated, the general consensus is that the Court should examine: (1) the existence of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the stage of the proceedings and amount of discovery completed; (4) the probability of Plaintiff's success on the merits; (5) the range of possible recovery; and, (6) the opinions of counsel. See, e.g., Pessoa v. Countrywide Home Loans, Inc., No. 6:06-cv-1419-Orl-JGG, 2007 WL 1017577, *3 (M.D. Fla., Apr. 2, 2007). "When considering these factors, the Court should keep in mind the strong presumption in favor of finding a settlement fair." Id. (internal quotation marks omitted). "Moreover, the Court is aware, as the parties must also be, that a settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution." Id. (internal quotation marks omitted).

11. The Parties are all represented by counsel. The Parties all agree that the settlement was not the product of fraud or collusion. Further, there are no records or evidence to suggest any fraud or collusion.

12. The Parties all reached this negotiated settlement after Plaintiffs, with the advice and assistance of their legal counsel, reviewed complete records pertaining to their employment with Defendant, including hours worked and compensation paid or owed.

13. Counsel for Plaintiffs and Defendant affirm that they believe the settlement agreement reflects a fair and reasonable resolution for the Plaintiffs' wage and hour claims. The amounts to be paid to the Plaintiffs were negotiated separately from the amount to be paid as attorneys' fees and costs.

14. The Parties all agree that the settlement terms and amounts are a reasonable compromise of disputed issues in this case, including whether an FLSA exemption applied to Plaintiffs; the number of overtime hours Plaintiffs worked without proper pay, if any; the number of hours Plaintiffs worked, if any, without payment of at least minimum wage; the number of Plaintiffs' unpaid work hours, if any, that were compensable work hours; and whether liquidated damages are warranted here and, if so, the amount of such damages. The Parties all believe that this settlement is fair and reasonable given the disputed issues and the risks, time requirements, and unknown case duration inherent to litigation. Under these circumstances, the Parties and their undersigned counsel find the settlement reasonable, especially considering the vagaries of litigation.

## Conclusion

15. The Parties jointly and respectfully request that this Court approve the settlement between the Parties and dismiss this case with prejudice.

...

Dated this 4th day of June, 2018.

Respectfully submitted,

| | |
|---|---|
| */s/ Bill B. Berke* | */s/ Benjamin S. Briggs* |
| Bill B. Berke, Esq. | Trenton H. Cotney |
| Florida Bar No. 0558011 | Florida Bar No. 176214 |
| **BERKE LAW FIRM, PA** | Benjamin S. Briggs |
| 4223 Del Prado Blvd. S. | Florida Bar No. 113814 |
| Cape Coral, FL 33904 | **COTNEY CONSTRUCTION LAW, LLP** |
| Tel: (239) 549-6689 | 8621 E. Martin Luther King, Jr. Blvd. |
| berkelaw@yahoo.com | Tampa, Florida 33610 |
| | Tel: (813) 579-3278 |
| *Counsel for Plaintiff* | Fax: (813) 902-7612 |
| | bbriggs@cotneycl.com |
| | tcotney@cotneycl.com |
| | courtfilings@cotneycl.com |
| | |
| | *Counsel for Defendant* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 4, 2018, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to **BILL B. BERKE**, **ESQ.**, Berke Law Firm, PA, 4223 Del Prado Blvd. S., Cape Coral, FL 33904 (Berkelaw@yahoo.com).

*/s/ Benjamin S. Briggs*

# EXHIBIT "A"

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is entered into by and between:

MARIA KLEEKAMP ("**Kleekamp**," a term which includes her successors, beneficiaries, assigns, personal representatives, administrators, executors, and heirs), STORM MARTIN ("**Martin**," a term which includes her successors, beneficiaries, assigns, personal representatives, administrators, executors, and heirs), KAITLIN GREENE ("**Greene**," a term which includes her successors, beneficiaries, assigns, personal representatives, administrators, executors, and heirs), JULIE GALLA ("**Galla**," a term which includes her successors, beneficiaries, assigns, personal representatives, administrators, executors, and heirs), HALLIE GROOMS ("**Grooms**," a term which includes her successors, beneficiaries, assigns, personal representatives, administrators, executors, and heirs), and CASEY MATTHEWS ("**Matthews**," a term which includes his successors, beneficiaries, assigns, personal representatives, administrators, executors, and heirs), (collectively, the "**Plaintiffs**"); and

HOME PERFORMANCE ALLIANCE, INC. ("**Defendant**," a term which includes every officer, director, fictitious name, agent, parent corporation, affiliated business entity, affiliated person, subsidiary, affiliate or division, and any of its successors, assigns, beneficiaries, related companies, legal representatives, insurers, and heirs).

### Recitals

**WHEREAS**, Plaintiffs are all former employees of Defendant;

**WHEREAS**, on or about December 1, 2017, Kleekamp filed a civil action against Defendant in the United States District Court, Middle District of Florida, Fort Myers Division, Case No. 8:17-cv-00660, seeking redress for alleged violations of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. 201, *et seq.* (the "Complaint") (*Doc. 1*);

**WHEREAS**, on or about January 11, 2018, Kleekamp filed an Amended Complaint, seeking redress for alleged violations of the FLSA (the "Amended Complaint") (*Doc. 13*);

**WHEREAS**, Kleekamp filed the Complaint and the Amended Complaint "on behalf of herself and others similarly situated;"

**WHEREAS**, on or about January 31, 2018, Kleekamp moved to conditionally certify this action as an FLSA collective action (*Doc. 15*);

**WHEREAS**, Martin, Greene, Galla, Grooms, and Matthews all filed consents to join the collective action in this case (see *Docs. 15, 18, 19, 26*);

**WHEREAS**, Defendant denies the violations and/or wrongdoing alleged in the Amended Complaint;

**WHEREAS**, the Parties desire a fair and reasonable resolution to the grievances raised and asserted in the Amended Complaint;

**WHEREAS**, the Parties agree that this Agreement's terms and amounts are a reasonable compromise of disputed issues in this case, including whether an FLSA exemption applied to Plaintiffs; the number of overtime hours Plaintiffs worked without proper pay, if any; the number of hours Plaintiffs worked, if any, without payment of at least minimum wage; the number of Plaintiffs' unpaid work hours, if any, that were compensable work hours; and whether liquidated damages are warranted here and, if so, the amount of such damages;

**WHEREAS**, the Parties agree that this Agreement is fair and reasonable given the disputed issues in this case and the vagaries of litigation, including the risks, time requirements, and unknown case duration inherent to litigation;

**WHEREAS**, all the Plaintiffs acknowledge and certify that in accordance with the terms of this Agreement, they received full payment for all hours worked and/or services rendered pursuant to their respective employment with Defendant, including overtime hours, bonuses, benefits, and vacation or sick pay;

**WHEREAS**, all the Plaintiffs acknowledge and certify that they are not owed or entitled to any outstanding compensation, benefit, or payment from Defendant;

**NOW, THEREFORE**, in exchange for the promises and considerations set forth in this Agreement, the sufficiency of which is hereby acknowledged, the Parties hereby agree as follows:

1. Recitals. The above recitals are true and correct and are incorporated below as if fully set forth herein.

2. Release and Dismissal. In consideration of the promises outlined in Paragraph 3 of this Agreement, the sufficiency of which is hereby acknowledged and affirmed, Plaintiffs agree as follows:

    A. All the Plaintiffs acknowledge and certify that, in accordance with the terms and provisions of this Agreement, they have each received full payment for all hours worked and/or services rendered pursuant to their respective employment with Defendant, including overtime hours, bonuses, benefits, and vacation or sick pay. All of the Plaintiffs acknowledge and certify that they are not owed or entitled to any outstanding compensation, benefit, or payment from Defendant.

    B. All the Plaintiffs acknowledge and warrant that in making the determination set forth in Subparagraph 2(A) above—to wit, that they are not owed or entitled to any outstanding compensation, benefit, or payment from Defendant—Plaintiffs, with the advice and assistance of legal counsel of their own choosing, reviewed complete and accurate records pertaining to their respective employment with Defendant, including hours worked and compensation paid or owed.

    C. All the Plaintiffs agree that after the Parties fully execute this Agreement,

the Parties shall expeditiously take all necessary steps to dismiss the Complaint with prejudice, including filing a Joint Motion to Approve Settlement and for Dismissal with Prejudice.

        **D.**    All the Plaintiffs hereby knowingly and voluntarily forever release and discharges Defendant from any and all claims, demands, causes of action, complaints or charges, known or unknown, in common law, in tort, in contract, or under any law, statute, or ordinance whatsoever, regarding each such Plaintiffs' respective wages and/or compensation, including but not limited to claims for unpaid wages, bonuses, severance, vacation, or overtime, which each Plaintiff has or might have by virtue of any fact(s), act(s), or event(s) occurring prior to the time he or she signs this Agreement. This release of claims includes, but is not necessarily limited to, the claims set forth in the Amended Complaint, or claims arising under the FLSA, the Davis-Bacon Act, as amended, 40 U.S.C. §§ 3141-3144, the Contract Work Hours and Safety Standards Act, as amended, 40 U.S.C. §§ 3701-3708, and/or the Florida Minimum Wage Act, Florida Statutes §§ 448.11; Florida's Wage Payment Laws, Fla. Stat. §§ 448.01, 448.08; and Article X, Section 24 of the Florida State Constitution. This release also includes, but is not limited to, all claims for liquidated damages, punitive damages, and/or attorneys' fees and costs connected or related to the claims, demands, causes of action, complaints or charges released and/or discharged in this Agreement. All claims, demands, causes of action, complaints or charges covered in this Agreement, if any, are hereby forever compromised, settled, and extinguished in their entirety.

        **E.**    Each of the Plaintiffs agree that he or she will not voluntarily assist, participate in, or be a party to, any collective action, class action, or group lawsuit, claim, complaint, or charge brought against Defendant with regard to any matter or claim covered in this Agreement. Each of the Plaintiffs hereby waive and release any recovery that he or she might otherwise obtain or be entitled to as a result of any such collective action, class action, or group lawsuit, claim, complaint, or charge.

        **F.**    Each of the Plaintiffs agree and affirm that the promises and obligations set forth in Paragraph 3 of this Agreement constitute sufficient, reasonable, and full consideration for his or her own promises and obligations set forth in this Paragraph 2.

        **G.**    All Plaintiffs understand and acknowledge that Defendant, in agreeing to perform its obligations set forth in this Agreement, has reasonably relied on each Plaintiffs' respective representations and warranties set forth in this Paragraph 2. All Plaintiffs specifically understand and acknowledge that Defendant's promises and obligations set forth in Paragraph 3 of this Agreement are directly contingent on each Plaintiffs' respective and collective representations and warranties set forth in this Paragraph 2. Defendant has no obligations under this Agreement unless and until each Plaintiff executes this Agreement.

    **3.**    <u>Payment</u>. For and in consideration of the promises outlined in Paragraph 2 of this Agreement, Defendant will pay Plaintiffs and their counsel the gross sum of **$16,000.00**, payable as follows:

        a.    **Maria Kleekamp – *$1,300.00*** total, payable as follows: $650.00 to Kleekamp representing unpaid wages for which all applicable federal income tax withholding and other deductions required by law apply and shall be deducted and for which a W-2 shall be issued to Kleekamp; and an additional $650.00 to Kleekamp

representing alleged liquidated damages, for which a Form 1099 shall be issued to Kleekamp. The foregoing amounts will be payable in two (2) separate checks made payable to "Maria Kleekamp," and shall be issued within seven (7) days of dismissal of this case. These payments are intended to fully resolve any and all claims Kleekamp has made or may have made against Defendant for alleged unpaid wages, including overtime compensation or minimum wage. Kleekamp will complete and provide her counsel a W-9 Form upon signing this Agreement.

    b.    **Storm Martin – *$600.00*** total, payable as follows: $300.00 to Martin representing unpaid wages for which all applicable federal income tax withholding and other deductions required by law apply and shall be deducted and for which a W-2 shall be issued to Martin; and an additional $300.00 to Martin representing alleged liquidated damages, for which a Form 1099 shall be issued to Martin. The foregoing amounts will be payable in two (2) separate checks made payable to "Storm Martin," and shall be issued within seven (7) days of dismissal of this case. These payments are intended to fully resolve any and all claims Martin has made or may have made against Defendant for alleged unpaid wages, including overtime compensation or minimum wage. Martin will complete and provide her counsel a W-9 Form upon signing this Agreement.

    c.    **Kaitlin Greene – *$1,200.00*** total, payable as follows: $600.00 to Greene representing unpaid wages for which all applicable federal income tax withholding and other deductions required by law apply and shall be deducted and for which a W-2 shall be issued to Greene; and an additional $600.00 to Greene representing alleged liquidated damages, for which a Form 1099 shall be issued to Greene. The foregoing amounts will be payable in two (2) separate checks made payable to "Kaitlin Greene," and shall be issued within seven (7) days of dismissal of this case. These payments are intended to fully resolve any and all claims Greene has made or may have made against Defendant for alleged unpaid wages, including overtime compensation or minimum wage. Greene will complete and provide her counsel a W-9 Form upon signing this Agreement.

    d.    **Julie Galla – *$1,200.00*** total, payable as follows: $600.00 to Galla representing unpaid wages for which all applicable federal income tax withholding and other deductions required by law apply and shall be deducted and for which a W-2 shall be issued to Galla; and an additional $600.00 to Galla representing alleged liquidated damages, for which a Form 1099 shall be issued to Galla. The foregoing amounts will be payable in two (2) separate checks made payable to "Julie Galla," and shall be issued within seven (7) days of dismissal of this case. These payments are intended to fully resolve any and all claims Galla has made or may have made against Defendant for alleged unpaid wages, including overtime compensation or minimum wage. Galla will complete and provide her counsel a W-9 Form upon signing this Agreement.

    e.    **Halli Grooms – *$300.00*** total, payable as follows: $150.00 to Grooms representing unpaid wages for which all applicable federal income tax withholding and other deductions required by law apply and shall be deducted and for which a W-2 shall be issued to Grooms; and an additional $150.00 to Grooms representing alleged liquidated damages, for which a Form 1099 shall be issued to Grooms. The foregoing amounts will

be payable in two (2) separate checks made payable to "Halli Grooms," and shall be issued within seven (7) days of dismissal of this case. These payments are intended to fully resolve any and all claims Grooms has made or may have made against Defendant for alleged unpaid wages, including overtime compensation or minimum wage. Grooms will complete and provide her counsel a W-9 Form upon signing this Agreement.

      f.    **Casey Matthews – *$1,200.00*** total, payable as follows: $600.00 to Matthews representing unpaid wages for which all applicable federal income tax withholding and other deductions required by law apply and shall be deducted and for which a W-2 shall be issued to Matthews; and an additional $600.00 to Matthews representing alleged liquidated damages, for which a Form 1099 shall be issued to Matthews. The foregoing amounts will be payable in two (2) separate checks made payable to "Casey Matthews," and shall be issued within seven (7) days of dismissal of this case. These payments are intended to fully resolve any and all claims Matthews has made or may have made against Defendant for alleged unpaid wages, including overtime compensation or minimum wage. Matthews will complete and provide his counsel a W-9 Form upon signing this Agreement.

      g.    Attorneys' fees and costs: ***$10,200.00*** total, payable to Plaintiffs' legal counsel, Berke Law Firm, P.A., as reasonable attorneys' fees and costs. This amount will be payable by check made payable to "Berke Law Firm, P.A." This payment is intended to resolve any and all claims any of the Plaintiffs may have made against Defendant for attorneys' fees and costs. The Parties agree that the attorneys' fees and costs were negotiated separately from the Plaintiffs' respective settlement amounts, and the amount of attorneys' fees and costs sought by Berke Law Firm, P.A., is fair and reasonable. All Plaintiffs are aware of, and agree with, the amount to be paid to their legal counsel for representing their interests in this matter. All Plaintiffs warrant that this $10,200.00 amount completely compensates and fully satisfies them for any indebtedness they have for attorneys' fees and costs regarding any matter covered by this Agreement.

Each Plaintiff further acknowledges and warrants that the payment provisions set forth in this Paragraph 3 fully and finally compensate her or him for all claims, demands, or debts, if any, related to her or his wages or compensation from Defendant and that Defendant does not owe her or him anything further.

    **4.**    <u>Indemnification</u>.  Each Plaintiff agrees to indemnify Defendant for any tax payments that the Internal Revenue Service or any other local, state or federal taxing agency determines to be due and owing as a result of any payment made pursuant to the terms of this Agreement.

    **5.**    <u>Non-Admission</u>. The Parties agree and acknowledge that this Agreement is the full and final resolution of disputed issues regarding wages or compensation that Defendant might owe Plaintiffs. This Agreement, including the payments referenced in Paragraph 3, does not constitute an admission by Defendant of any violation of common law or any federal, state, or local statute or regulation, nor any breach of contract or any violation of Plaintiffs' rights or of any duty owed by Defendant to Plaintiffs.

6. **Fair and Reasonable**. The Parties agree and affirmatively state that the terms, provisions, and payment amounts set forth in this Agreement are a reasonable compromise of disputed issues, including whether an FLSA exemption applied to Plaintiffs; the number of overtime hours Plaintiffs worked without proper pay, if any; the number of hours Plaintiffs worked, if any, without payment of at least minimum wage; the number of Plaintiffs' unpaid work hours, if any, that were compensable work hours; and whether liquidated damages are warranted here and, if so, the amount of such damages. The Parties believe that this Agreement is fair and reasonable given the disputed issues and the risks, time requirements, and unknown case duration inherent to litigation. Under these circumstances, the Parties find this Agreement reasonable, especially considering the vagaries of litigation.

7. **Governing Law**. The law governing this Agreement shall be that of the United States and/or the State of Florida.

8. **Remedy for Breach**. In the event that any Party to this Agreement breaches any of the provisions of this Agreement, any affected non-breaching Party will be entitled to bring an action to recover any and all alleged damages, both direct and consequential, that may be sustained and, in addition, will be entitled to specific performance and/or a temporary or permanent injunction prohibiting and enjoining the breaching Party from violating this Agreement. If the non-breaching Party should prevail in such action, the breaching Party shall compensate the non-breaching Party for any and all reasonable attorneys' fees, costs, and expenses incurred in enforcing this Agreement.

9. **Advice of Counsel**. Each Plaintiff acknowledges and warrants that she or he has been fully advised to consult with an attorney as to the terms and provisions of this Agreement and has, in fact, done so. All Plaintiffs specifically represent and affirm that, before signing this Agreement, they have each carefully read the Agreement and have consulted with, and been fully advised by, legal counsel of her or his own choosing regarding the terms, meaning, and effect of this Agreement.

10. **Knowing and Voluntary**. The Parties acknowledge that they are signing this Agreement knowingly and voluntarily, that they have read and understood all the terms of this Agreement, and that they are not relying on any representation or statement, written or oral, not set forth in this Agreement and Release. The Parties affirmatively intend to be legally bound by the terms and provisions of this Agreement. All Plaintiffs further acknowledge and understand that they have each accepted the promises and consideration referenced in this Agreement in full satisfaction of all claims and obligations of Defendant to her or him regarding any matter or claim covered in this Agreement.

11. **Construction**. The Parties agree that this Agreement is entered into knowingly and voluntarily, after having the opportunity to fully discuss it with an attorney. Having obtained the advice of legal counsel to review, comment upon, and redraft the agreement, the Parties agree that the Agreement shall be construed as if the Parties jointly prepared it so that any uncertainty or ambiguity shall not be interpreted against any one Party and in favor of the other.

12. <u>Entire Agreement</u>. The entire Agreement is type-written, and no handwritten or stray markings on this document, with the exception of the Parties' signatures and dates, shall have any effect on the terms of this Agreement. This Agreement may not be amended, modified, altered, or changed except upon express written consent of both Parties wherein specific reference is made to this Agreement.

13. <u>Execution</u>. This Agreement may be signed and executed in counterparts, and each counterpart, when executed, shall have the efficacy of the original. Photographic, scanned, or facsimile copies of any such signed counterparts may be used in lieu of the original for any purpose. This Agreement will not be effective and enforceable until each party has signed it.

*(Signature Page to Follow)*

THE PARTIES TO THIS AGREEMENT ACKNOWLEDGE, COLLECTIVELY AND INDIVIDUALLY, THAT THEY ARE SIGNING THIS AGREEMENT KNOWINGLY AND VOLUNTARILY, THAT THEY ARE REPRESENTED BY COUNSEL, THAT THEY HAVE READ AND UNDERSTOOD ALL OF THE TERMS OF THIS AGREEMENT, AND THAT THEY DO NOT RELY ON ANY REPRESENTATION OR STATEMENT, WRITTEN OR ORAL, NOT SET FORTH IN THIS AGREEMENT. PLAINTIFFS FURTHER ACKNOWLEDGE AND AFFIRM, COLLECTIVELY AND INDIVIDUALLY, THAT THIS AGREEMENT IS A FULL, COMPLETE, IRREVOCABLE, AND UNCONDITIONAL RELEASE OF ALL CLAIMS THAT EACH PLAINTIFF MAY NOW HAVE AGAINST DEFENDANT AS DESCRIBED HEREIN, AND THAT PLAINTIFFS HAVE EXECUTED THIS AGREEMENT VOLUNTARILY WITH FULL KNOWDLEGE OF ITS SIGNIFICANCE AND THE CONSEQUENCES THEREOF.

Signature: _____  Date: 5/22/2018
MARIA KLEEKAMP

Signature: _____  Date: 5-23-18
STORM MARTIN

Signature: _____  Date: 5-25-18
KAITLIN GREENE

Signature: _____  Date: 5/23/18
JULIE GALLA

Signature: _____  Date: 5/27/18
HALLI GROOMS

Signature: _____  Date: 5/23/18
CASEY MATTHEWS

HOME PERFORMANCE ALLIANCE, INC.
Signature: _____  Date: 6/1/18
Printed Name: Gary A Delia   Title: President