UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARIA KLEEKLAMP, on behalf of herself
and others similarly situated,

    Plaintiff,

v.                                              Case No:   2:17-cv-660-FtM-38MRM

HOME PERFORMANCE ALLIANCE,
INC.,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

Pending before the Court is the Notice of Settlement and Joint Motion to Approve Settlement and for Dismissal with Prejudice and Settlement Agreement and Release (Doc. 28) filed on June 4, 2018.  Defendant and Plaintiffs – including Maria Kleekamp and five other individuals who have opted in Storm Martin, Kaitlin Greene, Julie Galla, Hallie Grooms, and Casey Matthews – jointly request that the Court approve the parties' settlement of their Fair Labor Standards Act ("FLSA") issues.  (*Id.* at 4).

**I.   Legal Standards**

To approve the settlement of an FLSA claim, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA.  *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); 29 U.S.C. § 216.  There are two ways for a claim under the FLSA to be settled or compromised.  *Id*. at 1352-53.  The first, under 29 U.S.C. § 216(c), provides for the Secretary of Labor to supervise payments of unpaid wages owed to employees.  *Id*. at 1353.  The second way, under 29 U.S.C. § 216(b), is by a lawsuit brought by employees against their employer to recover

back wages. *Id*. When employees file suit, the proposed settlement must be presented to the District Court for its review and determination that the settlement is fair and reasonable. *Id*. at 1353-54.

The Eleventh Circuit has found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit:

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id*. at 1354.

**II.   Discussion**

    **A.   Settlement Sum**

In this case, Plaintiffs allege that Defendant failed to compensate them properly. (Doc. 28 at 4). Defendant denies liability. (*See id.*). Additionally the parties contest:

> whether an FLSA exemption applied to Plaintiffs; the number of overtime hours Plaintiffs worked without proper pay, if any; the number of hours Plaintiffs worked, if any, without payment of at least minimum wage; the number of Plaintiffs' unpaid work hours, if any, that were compensable work hours; and whether liquidated damages are warranted here and, if so, the amount of such damages.

(*Id.*). Based on these contentions, the Undersigned finds that a *bona fide* dispute exists between the parties.

Even though a *bona fide* dispute exists between the parties, the parties decided to settle this matter "given the disputed issues and the risks, time requirements, and unknown case

duration inherent to litigation." (*Id.*). The parties believe that their settlement is a fair and reasonable compromise of the disputed claim. (*Id.*).

Plaintiffs agreed to a settlement to resolve their claims. (Doc. 28 at 2, 9). Under the terms of the settlement, Maria Kleekamp will receive $1,300.00. (*Id.* at 9). Storm Martin is due to receive $600.00. (*Id.* at 10). Kaitlin Greene will receive $1,200.00. (*Id.*). Julie Galla will receive $1,200.00. (*Id.*). Hallie Grooms is due $300.00. (*Id.*). Finally, Casey Matthews will receive $1,200.00. (*Id.* at 11). Half of each individual's total is allocated to unpaid wages with the other half allocated to liquidated damages. (*Id.* at 9-11).

The Undersigned has reviewed the Settlement Agreement and Release (Doc. 28 at 7-14) and finds that the terms of the Settlement Agreement are reasonable as to the amount for unpaid overtime wages, unpaid minimum wages, and liquidated damages.

### B.     Attorneys' Fees

The Joint Motion and Settlement Agreement both indicate that Defendant agrees to pay a total of $10,200.00 for attorney's fees and costs. (Doc. 28 at 2, 7).

As explained in *Bonetti v. Embarq Management Company*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009), "the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." In *Bonetti*, Judge Presnell concluded:

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents

that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

*Id*.

In the present case, the amount of attorney's fees was negotiated as a separate amount apart from the amount to be paid to Plaintiffs. (Doc. 28 at 4, 11). Because attorney's fees and costs were determined separately and apart from Plaintiffs' recovery, the Undersigned finds that the settlement and attorneys' fees were agreed upon without compromising the amount paid to Plaintiffs.

## CONCLUSION

Based upon the foregoing, the Undersigned recommends that the Settlement Agreement be approved by the Court as a "fair and reasonable resolution of a *bona fide* dispute" of the FLSA issues.

Accordingly, the Undersigned hereby **RESPECTFULLY RECOMMENDS**:

1) That the Notice of Settlement and Joint Motion to Approve Settlement and for Dismissal with Prejudice (Doc. 28) be **GRANTED**.

2) That the Settlement Agreement and Release (Doc. 28 at 7-14) be approved by the Court as a "fair and reasonable resolution of a *bona fide* dispute" of the parties' FLSA issues.

3) That if the District Court adopts this Report and Recommendation, then the Clerk of Court be directed to dismiss this action with prejudice, terminate all pending motions, and close the file.

4) That Plaintiffs be required to reimburse the Court for the costs and fees in this case.

(*See* Doc. 6 at 2).

Respectfully recommended in Chambers in Fort Myers, Florida on June 6, 2018.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties